FILED
2018 Oct-10 PM 01:25
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

| | |
|---|---|
| **LEONARD C. REEDER,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 3:18-CV-01233-UJH-KOB |
| ) | |
| **NPC INTERNATIONAL, INC., D/B/A** ) | |
| **PIZZA HUT,** ) | |
| ) | |
| **Defendant.** ) | |

## MEMORANDUM OPINION AND ORDER

This matter is before the court on Plaintiff's Motion to Remand. (Doc. 10). Plaintiff Leonard Reeder filed this premise liability lawsuit against Defendant NPC International, Inc. ("NPC") in the Circuit Court of Colbert County, Alabama. NPC filed a Notice of Removal to this court on August 6, 2018, asserting diversity jurisdiction. (Doc. 1). Mr. Reeder filed a motion to remand back to state court on August 14, asserting NPC failed to establish damages exceeding $75,000, the requisite amount-in-controversy for federal diversity jurisdiction. (Doc. 10). Then, this court ordered NPC to show cause why remand was not appropriate for failure to establish damages exceeding $75,000. For the reasons stated below, this court concludes that Defendant NPC has not met its burden of establishing an amount-in-controversy in excess of $75,000. Thus, this court GRANTS Plaintiff Reeder's Motion to Remand and REMANDS this case back to the Circuit Court of Colbert County, Alabama.

### I. Factual Background

Mr. Reeder alleges that he visited NPC's Pizza Hut restaurant in Muscle Shoals, Alabama and tripped over a damaged floor mat on the premises and fell, striking a door and catching his

arm in the door. Mr. Reeder has produced medical bills he alleges are related to the injury in the amount of $2,921 but has not otherwise alleged any specific amount in damages. Mr. Reeder brings this action under both a negligence theory and a wantonness theory, requesting relief to the full extent allowed under Alabama law for both.

## II. Standard of Review

Consistent with the limited nature of federal jurisdiction, the party seeking a federal venue must establish federal jurisdictional requirements. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). In the removal context, the removing defendant must establish the court's jurisdiction. *Miedema v. Maytag Corp.*, 450 F.3d 1322, 1328 (11th Cir. 2006). When the plaintiff has not specified the amount of damages in the complaint, the removing defendant must establish the jurisdictional amount by a preponderance of the evidence. *See Dart Cherokee Basin Operating Co., LLC v. Owens,* 135 S. Ct. 547, 554 (2014).

## III. Discussion

NPC removed this case on the basis of diversity jurisdiction. Mr. Reeder concedes complete diversity, so the sole question before the court is whether the value of Mr. Reeder's claims exceeds $75,000, the jurisdictional threshold under 28 U.S.C. § 1332(a).

In determining amount in controversy for jurisdictional purposes, the court may not "engage in impermissible speculation." *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1220 (11th Cir. 2007). But, where the pleadings are bare, applying the preponderance of evidence burden meaningfully can be especially difficult. *Id.*, at 1212. Nevertheless, courts may use "judicial experience and common sense" to determine if a plaintiff's unspecified damages could plausibly satisfy the jurisdictional amount, keeping in mind the defendant's burden. *See Roe v. Michelin North Am., Inc.*, 613 F.3d 1058, 1064 (11th Cir. 2010).

The only specified amount of damages is a $2,921 medical bill, an amount well short of the jurisdictional requirement. (*See* Doc. 15, at 7). Beyond that, Plaintiff Reeder has requested an unspecified amount for serious bodily injuries, consequential and incidental damages, and past and continuing medical expenses. Mr. Reeder's also seeks exemplary damages for his wantonness claim.

In support of its motion, Defendant NPC notes Mr. Reeder's claim of wantonness and request for exemplary damages. (Doc. 15, at ¶ 7). NPC cites *Roe v. Michelin North Am., Inc.* to support its position that wantonness claims involve "a high degree of culpability, making the need for punishment and deterrence all the more exigent." 637 F. Supp. 2d 995, 998. (M.D. Ala. 2009). However, the claim in *Roe* was for wrongful death, as compared to Mr. Reeder's claim, which is pursuant to his allegedly tripping and falling on an allegedly damaged floor mat at NPC's premises. *See id*. Thus, the *Roe* court's analysis is unpersuasive in determining the value of Mr. Reeder's wantonness claim.

The court acknowledges this case is a close call, but Defendant bears the burden to prove by a preponderance of the evidence that Plaintiff's claim is worth more than $75,000. Pursuant to judicial experience and common sense, this court concludes Defendant failed to meet its burden.

### IV. Conclusion

For the reasons discussed above, this court GRANTS Plaintiff's Motion to Remand and REMANDS this case to the Circuit Court of Colbert County, Alabama.

**DONE** and **ORDERED** this 10th day of October, 2018.

_____
**KARON OWEN BOWDRE**
CHIEF UNITED STATES DISTRICT JUDGE